UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
Eastern Division

| | | |
|---|---|---|
| MYTEE INC., an Ohio corporation<br>1335 S Chillicothe Rd<br>Aurora, OH 44202 | ) ) ) | |
| | ) | Case No. |
| | ) ) | **COMPLAINT FOR:** |
| Plaintiff, | ) ) ) | **TRADEMARK INFRINGEMENT<br>UNDER 15 U.S.C. 1114;** |
| v. | ) ) ) | **TRADEMARK DILUTION UNDER<br>15 U.S.C. 1125(a);** |
| MIGHTY PRODUCTS CORPORATION<br>3700 Smith Farm Road<br>Matthews, NC 28105 | ) ) ) ) ) ) ) | **UNFAIR COMPETITION AND FALSE<br>ADVERTISING UNDER 15 U.S.C.<br>1125(c);<br>CYBERPIRACY UNDER 15 U.S.C 1125(d)<br>and<br>UNFAIR COMPETITION AND FALSE<br>ADVERTISING UNDER O.R.C. 4156.01** |
| And | ) ) ) | **et seq** |
| CHEN XING<br>14007 Lissadell Circle<br>Charlotte, NC 28104 | ) ) ) ) | |
| Defendants | ) ) | |

Plaintiff, by and through its attorneys, by way of Complaint against Defendants, alleges as follows:

## I.    PARTIES

1.1    Plaintiff Mytee, Inc. (hereafter, "Mytee") is an Ohio  corporation  doing  business in  Aurora, Ohio, throughout the United States,  and  elsewhere selling truck tarps and related accessories. Plaintiff primarily sells its products by means of the Internet website known as

1.2    Defendant Mighty Products Inc. (hereafter, "Mighty") is upon information and belief, a North Carolina corporation which has been engaged, at all times relevant to this lawsuit, in the sale of products through a number of websites, including (but not limited to) WWW.MIGHTYPRODUCTS.COM.

1.3    Defendant Chen Xing is, upon information and belief, the President of Mighty, having direct control over substantially all aspects of Mighty's business and assets.

## II.  JURISDICTION AND VENUE

2.1    Plaintiff realleges all preceding allegations.

2.2    This is an action for violation of 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d) and for related claims arising under the State of Ohio's Unfair Business Practices-Consumer Protection Act, ORC 4156.01 et seq.  The course, scope and furtherance of said conspiracy involved the acts and conduct hereinafter alleged.

2.3    This court has jurisdiction of this action under 15 USC 1121 and 28 USC 1331, 1338 and 1367.

2.4    Venue is proper in this district under 28 USC 1391.

## III. JURY DEMAND

3.1    Plaintiff demands a jury for all issues in this case triable as such.

## IV.    FACTS

4.1    Plaintiff realleges all preceding allegations.

4.2    Since 2008, Plaintiff and its predecessor corporation, Mytee Products Inc., has openly and continuously sold a variety of truck tarps and related accessories throughout the United States under the trademark "MYTEE PRODUCTS."

4.3    In 2008, Plaintiff registered the Internet domain WWW.MYTEEPRODUCTS.COM

2

from infringing Plaintiff's trademarks.

4.10   Defendants continue to willfully infringe upon and dilute Plaintiff's trademark, and to unfairly complete against Plaintiff in the sale of goods that are protected by Plaintiff's trademark.

4.11   The conduct of Defendants is deliberate and intentional and is specifically intended to enrich Defendants and harm and damage Plaintiff.   Defendants' infringement is likely to cause confusion, mistake and deceive third-parties as to the affiliation, connection or association of Defendants with Plaintiff and as to whether or not Plaintiff has anything to do  with  the  origin, sponsorship,  or  approval  of the  goods, services  or  other  commercial  activities  of Defendants. The  use  by  Defendants  of  WWW.MIGHTYPRODUCTS.COM  misrepresents  the  nature, characteristics, qualities and/or geographic origin of Defendants goods, services and commercial activities.

4.12   Defendants have willfully infringed upon and diluted Plaintiff's trademark which mark is distinctive and famous within the meaning of 15 USC 1125(c).

4.13   The conduct of the Defendants has occurred in, continues to occur in and has caused damage to Plaintiff in this judicial district and elsewhere.

## V.   FIRST CLAIM FOR RELIEF – VIOLATION OF 15 USC 1114
### (Federal Trademark Infringement)

5.1   Plaintiff realleges all preceding allegations.

5.2   Defendants' use of the name "Mighty Products" in connection with the sale of products that are covered by Plaintiff's trademarks is  a  violation  of  15  USC 1114(1)(a) in that the Defendants have without the consent of Plaintiff who is the registrant of the trademark "MYTEE PRODUCTS",  used  in  commerce  a  reproduction, counterfeit, copy, or colorable imitation of that registered mark in connection with the sale, offering for sale, distribution or

4

advertising of goods and services provided by Defendants. Defendants have used the imitation mark in such a manner as is likely to cause confusion, mistake, or deceive.

5.3     Defendants acts as aforesaid were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

5.4     Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally pursuant to 15 USC 1117.  Damages recoverable are three times the actual damages sustained by Plaintiff, and Defendants' profits and the costs of the action, together with Plaintiff's attorney fees or, in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two million dollars ($2,000,000.00).

## VI.     SECOND CLAIM FOR RELIEF – VIOLATION 15 USC 1125(a)
### (False Designation of Origin, Trademark Dilution)

6.1     Plaintiff realleges all preceding allegations.

6.2     Defendants have violated 15 USC 1125(a) in that they have on or in connection with Defendants' goods or services, used the name MIGHTY PRODUCTS which represents a false destination of origin, false or misleading description and/or a misrepresentation of fact likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Defendants with Plaintiff or which is likely to cause confusion, mistake or deceive as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Defendants.

6.3     Defendants have similarly violated 15 USC 1125(a) in that their commercial advertising or promotion using MIGHTY PRODUCTS misrepresents the nature, characteristics, qualities, and/or geographic origin of their goods, services, or commercial activities.

6.4    Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC 1117(a). Damages include, the actual damages sustained by the Plaintiff, the Defendants profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recovery damages in such sums as the court may find just according to the circumstances of the case.

## VII.   THIRD CLAIM FOR RELIEF-VIOLATION OF 15 USC 1125(c)
### (Unfair Competition and False Advertising

7.1    Plaintiff realleges all preceding allegations.

7.2    Defendants' use of the mark MIGHTY PRODUCTS has caused and continues to cause dilution of the distinctive quality of Plaintiff's mark, MYTEE PRODUCTS. Defendants use of MIGHTY PRODUCTS is a violation of 15 USC 1125(c), Plaintiff's mark being distinctive and famous within the meaning of the statute and Defendants' use of MIGHTY PRODUCTS in commerce having only begun after Plaintiff's mark became distinctive and famous.

7.3    Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use the name MIGHTY PRODUCTS and the domain name WWW.MIGHTYPRODUCTS.COM.

7.4    Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC 1117(a). Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

## VIII.   FOURTH CLAIM FOR RELIEF-VIOLATION OF 15 USC 1125(d)
### (CYBERPIRACY)

6

8.1     Plaintiff realleges all preceding allegations.

8.2     Defendant Mighty Products Inc., as registrant of the domain name WWW.MIGHTYPRODUCTS.COM has violated 15 USC  1125(d) in that Defendants have demonstrated a bad faith intent to profit from Plaintiff's registered domain by registering a domain that is identical or confusingly similar to Plaintiff's previously registered domain, WWW.MYTEEPRODUCTS.COM.

8.3     Said Defendant's bad faith cyberpiracy entitles Plaintiff to an order of the court directing forfeiture and/or cancellation of the domain name WWW.MIGHTYPRODUCTS.COM or the transfer of that domain name to Plaintiff.

8.4     Plaintiff is further entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally pursuant to 15 USC 1117. Damages include three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, such sum as the court may find to be just according to the circumstances of the case or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed one hundred thousand dollars ($100,000.00).

## IX.    FIFTH CLAIM FOR RELIEF-VIOLATION OF ORC 4165.02 et seq
### (Ohio Unfair Competition Statute)

9.1     Plaintiff realleges all preceding allegations.

9.2     Defendants' conduct in infringing Plaintiff's trademark and engaging in cyberpiracy and other conduct as alleged in the operative facts represents unfair business practices under the Ohio Unfair Business Practices Act, Ohio Revised Code Section 4165. 02 et seq, since it causes

7

likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, for which Defendants are jointly and severally liable for all damages proximately caused to Plaintiff, along with Plaintiff's attorney fees.

WHEREFORE, Plaintiff prays as follows:

1.    That the court enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages proximately caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action.

2.    That the court find that Defendants have violated 15 USC 1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a), (c), consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of two million dollars ($2,000,000.00) against Defendants.

3.    That the court find that Defendants have violated 15 USC 1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a),(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

4.    That the court find that Defendants have violated 15 USC 1125 (c) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a),(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the

8

action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

5.     That the court find that Defendants have violated 15 USC 1125(d) and grant Plaintiff preliminary and permanent injunctive relief; order forfeiture and/or cancellation of the domain name WWW.MIGHTYPRODUCTS.COM; order damages pursuant to 15 USC 1117(a),(c) consisting of Defendants' profits, any damages sustained by Plaintiff, and the cost of the action; said amount to be trebled; that the court award Plaintiff attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award Plaintiff statutory damages of one hundred thousand dollars ($100,000.00).

6.     That the court find that Defendants have violated ORC 4156.01 et seq. and grant Plaintiff preliminary and permanent injunctive relief together with such damages as are proven at trial, and that the court award Plaintiff its attorney fees and costs.

7.     That the court award such other and further relief as it deems just and equitable in the premises.

DATED this 18th day of August, 2016

By:_____
James K. Roosa, Esq. (OH 0038941)
Roosa Co., LPA
3723 Pearl Rd., Ste 200
Cleveland, OH 44109
(216)635-0636 phone
(216)393-0000 fax
jkr@roosalaw.com
Attorney for Plaintiff

9